PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:23-CV-00667-TLN-CKD |
|---|---|
| Plaintiff, | |
| v. | *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE AND BRIEF IN SUPPORT THEREOF |
| APPROXIMATELY $76,721.00 IN U.S. CURRENCY, | |
| Defendant. | |

The United States hereby moves this Court pursuant to Local Rule 540 for entry of a default judgment against the interest of Jose Cruz.  Pursuant to Local Rule 540(d), the United States makes this motion *ex parte* because no one has appeared to claim the defendant currency.

The United States also moves for entry of a Final Judgment of Forfeiture that vests in the United States all right, title, and interest in the defendant currency.  This motion is based upon the brief in support of the motion, all pleadings and documents previously filed herein, and the Declaration of Elisa Rodriguez (hereafter "Rodriguez Decl.").

///

///

///

///

1

*Ex Parte* Motion for Default Judgment

# BRIEF IN SUPPORT OF MOTION
## I. FACTUAL AND PROCEDURAL BACKGROUND

**A.      Statement of the Case.**

This is a civil action *in rem* to forfeit to the United States Approximately $76,721.00 in U.S. Currency (hereafter "defendant currency"). The defendant currency was seized by the Drug Enforcement Administration ("DEA") on December 14, 2021, pursuant to a search warrant.

The United States alleges that the defendant currency is money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 *et seq.*, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). The facts supporting these allegations are set out in detail in the Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") filed on April 27, 2023. Specifically, the Complaint alleges that one November 18, 2021, as part of an ongoing drug investigation, law enforcement surveilled an attempted drug transaction involving Jose Cruz ("Cruz"), brokered by a drug trafficker who was working with law enforcement. Complaint, ¶ 5. Cruz had agreed to sell 2,000 "M-30" pills to the cooperating drug trafficker for $9,000. *Id*. They agreed to meet at an AM/PM located on Fulkerth Road in Turlock to complete the transaction. *Id*. Oxycodone hydrochloride, a pharmaceutical drug, is commonly referred to as an "M-30" because of the milligram dosage of the pills most commonly sold by drug traffickers. *Id*. On November 18, 2021, law enforcement observed Cruz depart from 1905 Cody Court in a white 2011 BMW, bearing California license plate number 8UVP301. Complaint, ¶ 6. A DMV records check confirmed that Cruz was listed as the BMW's registered owner. *Id*. Cruz then drove his BMW to residence located on Mitchell Road in Turlock. Complaint, ¶ 7. An unidentified Hispanic male adult exited the Mitchell Road residence and entered the front passenger side of Cruz's BMW. The pair then traveled in Cruz's BMW to the AM/PM on Fulkerth Road, the meeting location to close the drug transaction. *Id*. Cruz parked the BMW and walked into the AM/PM store for a moment before returning to the BMW. *Id*. Once in the BMW, Cruz engaged in a series of countersurveillance maneuvers, including circling the different parking lots of looking into the windows of vehicles parked in the area. *Id*.

Law enforcement then observed the BMW travel to a residence located on Central Avenue in Ceres, California. Complaint, ¶ 8. Cruz and his passenger then exited the BMW and entered the Central Avenue residence. *Id.* The cooperating drug trafficker then attempted to call Cruz several times, but Cruz did not answer. *Id.* On December 14, 2021, law enforcement executed a search warrant at 1905 Cody Court, Cruz's residence. Complaint, ¶ 9. Law enforcement observed Cruz's white BMW and a brown Hummer parked in the driveway. *Id.* Cruz initially refused to allow law enforcement to enter the residence to execute the search warrant. *Id.* After an hour of negotiations, Cruz relented and exited the residence. *Id.*

During the search, law enforcement located in a drawer in the master bathroom, a clear Ziploc bag containing a red plastic bowl, a tin can, and a strainer with approximately 226 grams of cocaine, and a clear plastic bag containing 45 grams of heroin. Complaint, ¶ 10. Law enforcement also located in the medicine cabinet of the master bathroom a $1 bill with 45 grams of methamphetamine, a clear plastic bag containing 86 grams of methamphetamine, and a clear plastic bag containing 37 grams of cocaine. *Id.* On the counter of the master bathroom, law enforcement seized a clear plastic bag containing 29 grams of methamphetamine. *Id.* Also in the master bathroom, law enforcement located inside a white shoe a $1 bill with 30 grams of methamphetamine. *Id*. In total, law enforcement seized over half a pound of cocaine, 45 grams of heroin, and nearly half a pound of methamphetamine. *Id.*

Law enforcement also discovered a safe in the master bedroom closet. Complaint, ¶ 11. Law enforcement pried open the safe and located a loaded semi-automatic firearm that had been reported stolen out of Texas, several rounds of .45 ammunition, a loaded magazine, and approximately $76,261.00 in cash – the defendant currency. *Id.* The defendant currency was divided amongst two individual bill purses, with some loose bills, a few stacks that were rubber banded, and some stacks rubber banded in amounts of $10,000. *Id.* The defendant currency consisted of the following denominations: 2 x $1 bills; 7 x $2 bills; 3 x $5 bills; 24 x $20 bills; 31 x $50 bills; and 742 x $100 bills. *Id.*

Law enforcement located a shed in the backyard of the residence a motorcycle that had been reported stolen in Modesto, California. Complaint, ¶ 12. In a separate bedroom in the residence, law enforcement observed approximately 20 pounds of processed marijuana packaged for sale. *Id.* Law enforcement conducted a search of Cruz's pockets and located a plastic bag containing approximately 46

3

*Ex Parte* Motion for Default Judgment

grams of methamphetamine and a cellular telephone.  Complaint, ¶ 13.  Cruz's criminal history includes various drug-related arrests in California. Complaint, ¶ 14.  On February 10, 2020, Cruz was arrested for possession of cocaine for distribution and sales.  *Id*.  In December 2021, Cruz was arrested for possession of narcotics for sale.  *Id*.

**B.    Facts Regarding Notice to Potential Claimants**

By order filed May 24, 2023, Magistrate Judge Helena M. Barch-Kuchta authorized public notice of the action to be given one time for 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  Publication in a manner consistent with the Court's order began on May 28, 2023, and ran for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereafter "Supplemental Rules").  *See* the Declaration of Publication filed with the Court on July 12, 2023.  ECF No. 8.

In addition to providing notice by publication, the United States also caused Jose Cruz, through his counsel of record, to be served with notice.

On May 26, 2023, the United States mailed copies of the complaint, application for publication, order for publication, order re clerk's issuance of warrant for arrest, warrant for arrest, order setting mandatory scheduling conference, standing order, and court notices to James Robert, attorney for Jose Cruz, at 1798 Technology Drive, Suite 292, San Jose, CA 95110 by certified mail number 7020 2450 0001 1916 9443.  The PS Form 3811 (certified mail "green card" showing delivery of mail) was signed on June 2, 2023.  Rodriguez Decl. ¶ 3, Exhibit A.

The United States now seeks entry of a default judgment against Jose Cruz and the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the defendant currency to the United States.

## II. ARGUMENT

**A.    The United States Has Complied with All Procedural Requirements**

   **1.    Requirements of Local Rule 540 for Defaults in *In Rem* Actions**

Local Rule 540(a) provides as follows:

> (a)    Notice Required.  A party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given:
>
> (1)    By publication, see L.R. 530;

4

*Ex Parte* Motion for Default Judgment

(2) By personal service on the person having custody of the property;

(3) If the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and

(4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

As explained below, the United States has complied with these requirements.

**2.     The United States Has Published Notice**

Because this is an action *in rem*, it is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See United States v. Real Property,* 135 F.3d 1312, 1315 (9th Cir. 1998). Supplemental Rule G(4)(a)(iv)(C) provides that plaintiff shall cause public notice of the forfeiture action and arrest to be given on the official internet government forfeiture site for at least 30 consecutive days. The Local Admiralty and *In Rem* Rules (*See* Local Rule 530) further provide that the Court shall designate by order the appropriate newspaper(s) or other vehicle of publication. *Id.* (Incorporating Local Rule 171).

As noted above, by Order filed on May 24, 2023, this Court ordered notice of this action to be posted on the official government internet site www.forfeiture.gov, which began on May 28, 2023, and ran at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules.

**3.     Service Requirements**

Rule G of the Supplemental Rules sets forth the central procedures that govern civil *in rem* forfeiture actions and was designed to reflect the distinctive requirements of statutory, constitutional, and decisional law regarding this type of action. *See* Advisory Committee Notes to Rule G. These rules were previously known as the Supplemental Rules for Certain Admiralty and Maritime Claims, but effective December 1, 2006, the rules were renamed as noted above, and Rule G was added.

As reflected in Rule G, the government is constitutionally required to attempt to provide actual notice of a pending *in rem* forfeiture action by means "reasonably calculated under all the circumstances to apprise petitioner of the pendency of the…forfeiture[.]" *Dusenbery v. United States* 534 U.S. 161, 168

(2002).

As explained, the government has complied with these notice requirements.

### a. The United States Has Given Actual Notice to Interested Persons or Made Diligent Efforts to Give Actual Notice

Supplemental Rule G(4)(b)(i) provides that the government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government.

The overarching principle in Rule G(4)(b) is that the notice "must be sent by means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A). Notice may be sent to the potential claimant "or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Rule G(4)(b)(iii)(B).

Notwithstanding the provisions of the Supplemental Rules and Local Rule 540(a), in any forfeiture case authorized by statute of the United States, and as to any potential claimant, it is always sufficient if the government sends notice in a manner consistent with the requirements of the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 4(n)(1). Reasonable notice requires only that the government attempt to provide actual notice; it does not require that the notice was received. *See Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 1714 (2006). All of these requirements have been met in this case.

As explained above, the government mailed copies of the Complaint and case-related documents to James Robert, attorney of record for Jose Cruz, by certified mail on May 26, 2023, thereby complying with the Supplemental Rules and Local Rule 540(a).

**B.     The Time for Filing a Claim and Answer has Expired**

In an *in rem* forfeiture action such as this, a person who claims an interest in or right against the property that is the subject of the forfeiture action must file a verified claim identifying the interest or right by the deadline contained in the notice letter, which must be at least 35 days after the notice is sent (Rule G(4)(b)(ii)(B)) or not later than 30 days after the completion of publication. *See* Supplemental Rule G(5)(a)(ii)(B). Failure to file a timely claim under Rule G(5) precludes an individual from establishing statutory standing as a party to the lawsuit. *Cf. United States v. Real Property Commonly Known as the*

*Lido Hotel,* 135 F.3d 1312, 1317 (9th Cir. 1998) (applying Rule C(6) of the Supplemental Rules for Admiralty and Maritime Claims, now revised and renumbered as Rule G(5)).

Here, more than 30 days have passed since the last date of publication, and more than 35 days have passed since the Notice Letter was served on Jose Cruz through his attorney of record. Accordingly, pursuant to Rule 55(a) of the Fed. R. Civ. P., the Clerk of the Court properly entered the default of Jose Cruz on April 15, 2024. The United States now requests that the Court enter a Default Judgment and Final Judgment of Forfeiture against Jose Cruz.

**C.     Forfeiture Is Warranted by the Verified Facts Presented.**

Because no one has appeared to contest the forfeiture, and a default has been entered against all potential claimants to the defendant currency, the United States now seeks the forfeiture of the defendant currency and the entry of a Final Judgment of Forfeiture pursuant to Rule 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). "Rule 55 'tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2nd Cir. 2006) (citation omitted).

The allegations in the verified complaint, which are to be taken as true in light of the default of everyone known to have an interest in the property, establish that the currency seized from Jose Cruz is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6)[1]. Thus, viewing the uncontested evidence in its totality, the government has met its burden.

**D.     The Form of Default Judgment**

As set forth above, the government alleges the defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). Thus, the forfeiture action is procedurally governed by the Supplemental Rules. *See* 18 U.S.C. §§ 981(b)(2)(A) and 983(a)(3)(A). The Supplemental Rules, however, do not provide a procedure for seeking a default judgment in an action *in rem*. In the absence of such a procedure, the Court looks to the Federal Rules of Civil Procedure. *See* Supplemental Rule A(2). The Federal Rules of Civil Procedure require the party seeking a default to first seek entry of a clerk's

---

[1] The facts are also reproduced in the Statement of the Case in this Motion for Default Judgment, Section 1(A).

*Ex Parte* Motion for Default Judgment

default. *See* Fed. R. Civ. P. 55(a); *see also*, *United States v. $230,963.88 in U.S. Currency*, 2000 WL 1745130 (D.N.H. 2000) (in a civil forfeiture action, entry of default against interested party is a prerequisite to seeking a default judgment). Upon the entry of default, the United States may then seek entry of a default judgment against the non-appearing party. *See* Fed R. Civ. P. 55(b)(2); *see also*, *D. Smith, Prosecution and Defense of Forfeiture Cases,* ¶¶ 10.06(1), 10.98 (December 2002).

Accordingly, prior to seeking the entry of a default judgment, the government sought and obtained entry of a Clerk's Default against the interest of Jose Cruz in the defendant currency. Consistent with Rule 55(b)(2), the government now seeks the entry of a default judgment against his interest. Further, because this is an *in rem* action, the government seeks a judgment against all other potential interests as well. *See Waterloo Distilling Corporation v. United States*, 282 U.S. 577, 581 (1931) ("It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient."). A successful *in rem* forfeiture action results in a judgment not against a person, but against the property that is the subject of the *in rem* action; and the judgment affects the interests of all persons in that property. *See Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958) (explaining the distinction between *in rem* actions, quasi *in rem* actions, and *in personam* actions). Thus, in addition to seeking a default judgment against the interest Jose Cruz, the government seeks a binding judgment against the interests of the entire world, i.e., a Final Judgment of Forfeiture that vests in the United States all right, title, and interest in the defendant currency.

## III.
## CONCLUSION

Accordingly, the United States requests that the Court enter a default judgment of forfeiture against the interest of Jose Cruz in the above-captioned defendant currency. The United States further

///
///
///
///
///
///

1  respectfully requests that the Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. §
2  881(a)(6), forfeiting all right, title, and interest in the defendant currency to the United States to be
3  disposed of according to law.

4  Dated: April 23, 2024                             PHILLIP A. TALBERT
                                                     United States Attorney

6                                           By:      /s/ Kevin C. Khasigian
                                                     KEVIN C. KHASIGIAN
7                                                    Assistant U.S. Attorney

*Ex Parte* Motion for Default Judgment