UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $76,261.00 IN U.S. CURRENCY,<br><br>Defendant. | No. 1:23-cv-00667-TLN-CKD<br><br>FINDINGS & RECOMMENDATIONS |

**I.     Introduction**

      This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).  The United States of America ("Government") brings this in rem action seeking forfeiture, under 21 U.S.C. § 881(a)(6), of the defendant $76,261.00[1] ("defendant currency") as money furnished or intended to be furnished in exchange for a controlled substance or listed chemical.  Pending before the court is the Government's *ex parte* motion for entry of default judgment (ECF No. 17), which was submitted without a hearing under Local Rule 540(d).  No opposition has been received.  Upon review of the motion, supporting documents, and good

---

[1] The Government's *ex parte* motion reflects two different amounts for the defendant currency. *Compare* ECF No. 17 at 1, 2 ("$76,721.00"), *with* ECF Nos. 1; 17 at 3; 17-1 ("$76,261.00"). This appears to be a typographical error given the verified complaint (ECF No. 1) and related documentation consistently refers to the defendant currency as $76,261.00 (ECF Nos. 5-8). Accordingly, when referring to the defendant currency, the Court has determined $76,261.00 is the correct amount.

1

cause appearing, the court now issues the following findings and recommendations.

**II.     Background**

This case is proceeding on the verified complaint for forfeiture in rem ("complaint") filed April 27, 2023.  (ECF No. 1.)  The complaint makes the following factual allegations:

On or about December 14, 2021, the defendant currency was seized from Jose Luis Gutierrez Cruz ("Cruz") during the execution of a search warrant at 1905 Cody Court, Turlock, California ("Turlock Residence"). (Id. at ¶ 2.) The defendant currency is currently in the custody of the United States Marshals Service. (ECF No. 5.)

Specifically, on or about November 18, 2021, law enforcement surveilled an attempted drug transaction involving Cruz, brokered by a drug trafficker who was working with law enforcement. (ECF No. 1 at ¶ 5.) Cruz had agreed to sell 3,000 "M-30", commonly referred to as oxycodone hydrochloride, pills to the drug trafficker for $9,000. (Id.) Both had agreed to meet and complete the transaction at an AM/PM located on Fulkerth Road in Turlock ("AM/PM"). (Id.)

On November 18, 2021, law enforcement observed Cruz leave his Turlock Residence in a white 2011 BMW with a California license plate number 8UVP301 ("BMW"), which was confirmed by DMV records to list Cruz as the BMW's registered owner. (Id. ¶ 6.) Then, Cruz drove his BMW to a residence located on Mitchel Road in Turlock, where an unidentified Hispanic male adult exited the Mitchel Road residence and entered the front passenger side of Cruz' BMW. (Id. at ¶ 7.) Cruz and the unidentified Hispanic male adult then traveled in Cruz' BMW to the AM/PM to finalize the drug transaction. (Id.) Once arriving at the AM/PM, Cruz parked the BMW and walked into the AM/PM for a moment before returning to his BMW. (Id.) Once back in the BMW, Cruz engaged in a series of countersurveillance maneuvers, which included circling different parking lots and looking into the windows of vehicles parked in the area. (Id.)

Law enforcement then observed Cruz' BMW travel to a residence located on Central Avenue in Ceres, California, where Cruz and the unidentified Hispanic male adult exited the BMW and entered the Central Avenue residence. (Id. at ¶ 8.) The drug trafficker who was

cooperating with law enforcement then attempted to call Cruz several times but Cruz did not answer. (Id.)

On December 14, 2021, law enforcement executed a search warrant at Cruz' Turlock Residence, where law enforcement observed Cruz' BMW and a brown Hummer parked in the driveway. (Id. at ¶ 9) Cruz had initially refused to allow law enforcement to enter the residence but after hours of negotiation, Cruz allowed law enforcement to enter and exited the residence. (Id.) While executing the search warrant, law enforcement located a clear Ziploc bag containing a red plastic bowl, a tin can, and a strainer with approximately 226 grams of cocaine and a clear plastic bag containing 45 grams of heroin in a master bathroom drawer; a $1 bill with 45 grams of methamphetamine, a clear plastic bag containing 86 grams of methamphetamine, and a clear plastic bag containing 29 grams of methamphetamine in the master bathroom medicine cabinet; a clear plastic bag containing 29 grams of methamphetamine on the master bathroom counter; and a $1 bill with 30 grams of methamphetamine in a white shoe located in the master bathroom. (Id. at ¶ 10.) Law enforcement seized in total over half a pound of cocaine, 45 grams of heroin, and nearly half a pound of methamphetamine. (Id.)

In addition, law enforcement discovered a safe in the master bedroom closet that contained a loaded semi-automatic firearm that had been reported stolen from Texas, several rounds of .45 ammunition, a loaded magazine, and the defendant currency. (Id. at ¶ 11.) The defendant currency was divided amongst two individual bill purses, with some loose bills, a few stacks that were rubber banded, and some stacks rubber banded in the amounts of $10,000, which consisted of the following denominations: 2 x $1 bills; 7 x $2 bills; 2 x $5 bills; 24 x $20 bills; 31 x $50 bills; and 742 x $100 bills. (Id.)

Law enforcement also located a motorcycle that had been reported stolen from Modesto, California that was located in a shed in the backyard of the Turlock Residence; observed approximately 20 pounds of processed marijuana packaged for sale in a separate bedroom in the Turlock Residence; and a plastic bag containing approximately 46 grams of methamphetamine and a cellular telephone in Cruz's pockets while conducting a search. (Id. at ¶¶ 12-13.)

Cruz' criminal history includes a variety of drug-related arrests including an arrest for

possession of cocaine for distribution and sales on February 10, 2020; and an arrest for possession of narcotics for sale in December 2021. (Id. at ¶ 14.)

Pursuant to order of this court filed May 24, 2023, notice of this action was published on the official internet government forfeiture site <www.forfeiture.gov> and ran for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF Nos. 3 (Order for Publication) and 8 (Declaration of Publication).)

On May 26, 2023, copies of the complaint and related documents were sent by first-class and certified mail to Jose Cruz, through his attorney of record, James Roberts at 1798 Technology Drive, Suite 292, San Jose, CA 95110. (ECF No. 17-1 at ¶ 3, Ex. A.) The PS Form 3811 delivery card was signed on June 2, 2023. (Id.) The defendant currency was arrested on June 9, 2023 by the U.S. Marshals Service. (ECF Nos. 16, 17-1 at ¶ 5.)

To date, the deadline for filing a claim passed with no claim or answer being filed by, or on behalf of, Jose Cruz, as required by Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, to contest this action. (ECF No. 17-1 at ¶ 4.)

On April 15, 2024, at the Government's request, the Clerk of Court entered default as to Jose Cruz, pursuant to Fed. R. Civ. P. 55(a). (ECF No. 15.)

**III.    Legal Standard**

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

("Supplemental Rule" or "Supp. Rule"). United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. Rule A(1)(B), and Supp. Rule G (setting forth specific procedural and notice requirements). These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California ("Local Rule"), which govern all in rem proceedings filed in this court. See Local Rule 500. Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

**IV.    Analysis**

Local Rule 540(d) provides for an *ex parte* hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof. The Government has demonstrated compliance with these requirements.

**A.    Notice**

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. G(4)(a), (b).

**1.    Published Notice**

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer." Here, the Government published the required notice of the Government's Complaint on the official government internet site (www.forfeiture.gov) for 30 consecutive days, beginning on May 28, 2023. (ECF No. 8 (Declaration of Publication).) The notice describes the amount of currency ($76,261.00), and location of its seizure (Turlock, California), and states that claims and answers under Rule G(5) must be brought within 60 days from the first day the notice is published. (Id.) The notice also names Kevin C. Khasigian as the government attorney to be served with the claim and answer. (Id.) Thus, the government has satisfied the requirements of Rule G(4)(a)(ii).

**2.    Notice to Claimants**

Rule G(4)(b) sets forth the requirements for notice to known potential claimants. It

provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). The notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii).

Here, the government complied with this rule by sending notice of the action and a copy of the complaint to the potential claimants, Jose Cruz, by first-class and certified mail on May 26, 2023. (ECF No. 17-1 at ¶¶ 3, Ex. A.) The mailed notices included copies of the complaint and related documents. (Id. at Ex. A.) As to the sufficiency of the notices sent by the government, they indicate that the notices were sent on May 26, 2023, the notices provide a 35-day deadline for filing a claim and a 21-day deadline for submitting an answer or a motion under Rule 12, and the notices list Kevin C. Khasigian as the government attorney to be served with the claim and answer. (Id.)

Finally, Rule G(4)(b)(iii)(A) provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant." Here, the certificates of service provide that the Government served the complaint for civil forfeiture and notice of this forfeiture action upon Jose Cruz by first-class mail and certified mail. (ECF No. 17-1 at Ex. A.)

In sum, the government has adhered to the procedural rules governing civil forfeiture actions as required by federal statute, the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Admiralty Local Rules. The court now turns to whether default judgment is warranted.

**B.     Entry of Default Judgment is Proper**

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk's entry of default against Jose Cruz effects his admission of the factual allegations of the complaint, except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6) ("An

allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The court finds that the well-pleaded allegations of the verified complaint state a claim for which relief can be granted. Specifically, accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant currency was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55(b). Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court must consider the following factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

The Government seeks a final judgment of forfeiture against Jose Cruz as a potential claimant of the defendant currency, and against all other potential interests. This is consistent with the nature of forfeiture in rem proceedings. See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property"). Application of the Eitel factors supports entry of default judgment.

First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimant has abandoned his claim to the defendant currency. Further, given that no party has attempted to oppose the complaint or otherwise make a claim against the defendant currency, if the Government's motion is not

1   granted, it will have no other opportunity to establish its right to the currency.

2   Second, the Government's claim appears to have merit. See <u>United States v. $22,474 in
3   U.S. Currency</u>, 246 F.3d 1212, 1217 (9th Cir. 2001) ("Evidence of a prior drug conviction is
4   probative of probable cause."); <u>United States v. U.S. Currency $83,310.78</u>, 851 F.2d 1231, 1236
5   (9th Cir. 1988) (claimant's prior arrests and convictions on drug charges "are circumstances
6   demonstrating more than mere suspicion of his connection with an illegal drug transaction.").

7   Third, as set forth above, the Government has adhered to the procedural requirements of a
8   forfeiture action in rem, including the filing of a sufficiently verified complaint.  Fourth, the
9   defendant currency that was seized and subject to forfeiture is not of such substantial value as to
10  warrant denial of the Government's motion.  Fifth, the potential claimants were properly served
11  with notice of this action and instructions on how and when to enter a claim.  No claim or answer
12  has been filed.  On the record before this court, there is no evidence of a genuine dispute
13  concerning the material facts.  Sixth, there is no evidence that Jose Cruz' abandonment was due
14  to excusable neglect.  Seventh and finally, although merits-based decisions are always preferred,
15  <u>Eitel</u>, 782 F.2d at 1472, it is not practical here where the potential claimant has abandoned his
16  claim.

17  Accordingly, there is no impediment to default judgment sought by the Government and
18  the court will recommend that the motion be granted.

19  **V.      Conclusion**

20  In accordance with the foregoing findings, IT IS HEREBY RECOMMENDED that the
21  Government's motion for default judgment (ECF No. 17) be GRANTED, thus extinguishing any
22  right, title, or interest in defendant currency of potential claimants, including Jose Cruz.

23  These findings and recommendations are submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25  after being served with these findings and recommendations, the parties may file written
26  objections with the court and serve a copy on all parties.  Such a document should be captioned
27  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
28  failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, usa0667.23